IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,      :

    Plaintiff,             :

  v.                         :    Case No. 2:10-mj-235

Lowell W. Thompson,            :    MAGISTRATE JUDGE KEMP

    Defendant.             :

<u>ORDER</u>

    The above defendant appeared before the Court for a preliminary hearing and a detention hearing on April 21, 2010. At the conclusion of the hearing, the Court found probable cause to believe that the defendant committed the offenses with which he was charged in the complaint, and also ordered him detained pending trial. This order explains why.

    Mr. Thompson has been charged with the production and distribution of child pornography with a nexus to interstate commerce. Evan Pridham, an FBI task force officer, gave the following testimony at the hearing.

    In late March or early April, 2010, the Mt. Sterling, Ohio police department contacted the United States Attorney's Office asking for assistance in its investigation of the defendant for producing and mailing child pornography. A minor female had complained to the police department that defendant filmed her and another minor female engaging in simulated sexual activity while dressed in lingerie which he provided to them. Defendant was subsequently interviewed by the police and admitted to not only that act, but other instances of filming minors engaged in real or simulated sexual activity. He told the police that he made such films and mailed them to an acquaintance in Arizona, and

that he received payment for doing so.  As part of the
investigation, at least one other minor female was interviewed,
and she corroborated the first victim's statement.  She also said
she had viewed one of the films and recognized the minor female
in that film, which showed defendant and the victim engaging in
oral sex.  A search warrant was executed which yielded a number
of VHS tapes and other video recordings as well as two video
cameras.  A bag of small-sized lingerie was also found.

After his police interview, defendant was allowed to return
to his home, purportedly to obtain additional evidence about the
identity of the person to whom the films were mailed.  When he
did not return as agreed, a warrant was issued for him.  He
remained a fugitive for almost three weeks before being arrested
on April 18, 2010.  After his arrest, defendant was interviewed
by Officer Pridham.  He admitted engaging in a sex act with a
minor female on one occasion, but claimed he made up the story
about making and mailing films to someone in Arizona because he
was being pressured by the Mt. Sterling Police Department.

On cross-examination, Officer Pridham acknowledged that the
review of the tapes or other videos taken from the defendant's
home had not yet been completed, and that it was not known
whether any of them contained child pornography.  Additionally,
Officer Pridham was told by members of the defendant's family
that the Arizona acquaintance, Bob James, had died "some time
ago."  Further investigation into Mr. James is continuing.

<u>Legal Standard Applicable</u>.  The United States' request
for detention is based primarily upon the presumption that
arises under 18 U.S.C. §3142(e) for persons charged with serious
drug offenses, certain firearms offenses, and certain offenses
involving minor victims.  That statute states, in pertinent part,
that:

> Subject to rebuttal by the person, it

> shall be presumed that no condition or
> combination of conditions will reasonably
> assure the appearance of the person
> as required and the safety of the
> community if the judicial officer
> finds that there is probable cause to
> believe that the person committed an
> offense for which a maximum term of
> imprisonment of ten years or more is
> prescribed in the Controlled Substances
> Act (21 U.S.C. 801 et seq)...[or] an
> offense under section 924(c)...of this
> title... or an offense involving a minor
> victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence. However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985). There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden. Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community. That

-3-

paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States. Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged. Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings. If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance. <u>United States v. Dominquez</u>, 783 F.2d 702 (7th Cir. 1986). However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Here, the Pretrial Services Report shows that Mr. Thompson has prior convictions for gross sexual imposition and attempted gross sexual imposition. Officer Pridham testified that these cases also involved minor victims. The defendant has been self-employed for a number of years and also receives social security disability payments. If released, he could reside with his father under electronic monitoring. He is a life-long resident

of central Ohio.  He has been diagnosed with bipolar disorder.  The Pretrial Services Report recommends detention.

The Court concluded that the defendant did not adequately rebut the presumption of detention which exists in this case.  The circumstances of the charged offense, the defendant's admission of other sexual contact with minors, and his prior convictions, all reinforce the notion that he is a danger to the community.  His failure to return to the Mt. Sterling Police Department after his initial interview, and his being a fugitive for several weeks, reinforces the notion that he is a risk of flight.  Nothing in his background, or the availability of electronic monitoring, persuades the Court that there are release conditions which would adequately assure either the safety of the community or the defendant's future court appearance.  He is facing a very long mandatory sentence if convicted.  Under all of the circumstances, the Court concluded that he was required to be detained without bond pending trial.

The defendant was advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).


/s/ Terence P. Kemp
United States Magistrate Judge